
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **GARY MATLOCK,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | CASE NO.: 5:23-cv-00424-MHH |
| | § | |
| **ERIC PURYEAR, et al.,** | § | |
| | § | |
| Defendants. | § | |

### MOTION TO DISMISS

**COMES NOW** the defendant Eric Puryear, and respectfully requests this Honorable Court to dismiss the state-law claims in the above-styled cause of action previously filed against him pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, in that Counts VI and VII of the complaint fail to state a cause of action against this defendant for which relief may be granted, and the Court lacks subject matter jurisdiction for the purported claims. In support of this motion, the defendant would say as follows:

1. The defendant Eric Puryear was at all times relevant to the complaint a deputy sheriff employed by the Sheriff of Colbert County, Alabama.  (Complaint, ¶ 16).

2. Sheriffs in Alabama are *absolutely* immune from suits for damages based upon their official acts, by virtue of their positions as executive officers of the

State of Alabama. *See, Alabama Constitution of 1901,* Article V, Section 112, and Article I, Section 14; *and, McMillian v. Monroe County, Alabama*, 520 U.S. 781, 117 S. Ct. 1734 (1997). This sovereign immunity divests the Court of subject-matter jurisdiction of suits against a sheriff or a deputy sheriff for damages based upon his official acts.

3. Deputy Puryear is entitled to the same immunity extended to the Sheriff. *See, Drain v. Odom*, 631 So.2d 971, 972 (Ala. 1994) ("deputy sheriffs are immune to the same extent as sheriffs"). *See, also, Carr v. City of Florence, Alabama,* 916 F.2d 1521, 1526 (11th Cir. 1990) ("a deputy is legally an extension of the sheriff. If the deputy's acts are generally considered to be the acts of the sheriff, it is logical that those acts should also enjoy the immunity covering the sheriff's own acts"); *and, Moseley v. Kennedy,* 245 Ala. 448, 450, 17 So.2d 536, 537 (1944) ("In general, the acts of the deputy sheriff are the acts of the sheriff.").

4. Consequently, the Sheriff and his deputies are *absolutely* immune from a suit for damages. The Alabama Supreme Court has consistently held that a deputy sheriff is immune from suit even when the complaint alleges intentional conduct. *See, Ex parte Purvis*, 689 So.2d 794 (Ala. 1996); *See, also, Ex parte Sumter County*, 953 So.2d 1235, 1239-1240 (Ala. 2006) (wrongful death claim against sheriff and deputies was barred by immunity); *Karrick v. Johnson*, 659 So.2d 77, 79 (Ala. 1995) (Sovereign immunity protected deputy sheriff from malicious prosecution and false

imprisonment claims); *Ex parte Woodward*, 859 So.2d 425, 427 (Ala. 2003) (Deputy sheriffs could not seek to recover back pay, costs of litigation, and appropriate monetary damages from county sheriff who fired or demoted them, in his individual capacity, as county sheriff was acting within scope of his employment and was thus immune from liability in his individual capacity.); *Ex parte Burnell*, 90 So.3d 708, 710-711 (Ala. 2012) (County-jail warden, a deputy sheriff, was entitled to state immunity from negligence and wantonness claims of county-jail inmate who had slipped and fallen in jail shower.).

5. A claim made against a deputy sheriff in his individual capacity is also barred by the doctrine of State immunity. See, *Ex parte Donaldson*, 80 So.3d 895 (Ala. 2011). *See, also, Ex parte Woodward, Id.*

6. Finally, because the suit against the Sheriff and his deputies is viewed as a suit against the state, the court lacks subject-matter jurisdiction over the dispute, and is compelled to dismiss the action. *See, Ex Parte Blankenship*, 893 So.2d 303, at 306-307 (Ala. 2004) ("Because the complaint purported to effect an action against the State in violation of § 14, Ala. Const. 1901, the trial court acquired no subject-matter jurisdiction over this action. 'Lacking subject matter jurisdiction [a court] may take no action other than to exercise its power to dismiss the action .... Any other action taken by a court lacking subject matter jurisdiction is null and void.'"). *See, also, Ex parte Davis,* 9 So.3d 480 (Ala. 2008), and *Ex parte Sumter County*,

953 So.2d 1235 (Ala. 2006) (both dismissing wrongful death complaints against deputies).

7. In addition to the absolute immunity afforded to constitutional officers, the Legislature of Alabama has provided peace officers with immunity through the enactment of § 6-6-338 of the *Code of Alabama (1975)*. That section provides immunity from liability for acts carried out in the line and scope of the officer's law enforcement duties, which the complaint asserts.

WHEREFORE, THE PREMISES CONSIDERED, the defendant respectfully requests that state-law claims asserted in Counts VI and VII of this cause of action be dismissed as against him in that those sections of the complaint fail to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure, and that the Court lacks subject matter jurisdiction of the claim pursuant to Rule 12(b)(1) of the Alabama Rules of Civil Procedure.

Respectfully submitted this the 2nd day of May, 2023.

/s/ Robert Spence
Robert Spence (ASB-8201-s58r)
Attorney for the Defendant
Eric Puryear

OF COUNSEL:

**SMITH & STAGGS, LLP**
701 22nd Avenue
Suite 1
Tuscaloosa, Alabama   35401
(205) 409-3140
(205) 409-3142 (facsimile)
rspence@smithstaggs.com

## CERTIFICATE OF SERVICE

      I hereby certify that on May 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties.

                              */s/ Robert Spence*
                              Robert Spence (ASB-8201-s58r)
                              Attorney for the Defendant
                              Eric Puryear