IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
HUNTSVILLE DIVISION

| | |
|---|---|
| GARY MATLOCK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 5:23-cv-00424-MHH |
| | ) |
| ERIC PURYEAR, in his individual capacity; RYAN GREEN, in his individual capacity; JAMES BERRYMAN, in his individual capacity; JOHNATHAN TERRY, in his individual capacity; DAN COLLINS, in his individual capacity; AND DESHANNON BOWLING, in his individual capacity, | ) ) ) ) ) ) ) ) ) |
| | ) |
|     Defendants. | ) |

### ANSWER OF DEFENDANTS RYAN GREEN, JAMES BERRYMAN, JOHNATHAN TERRY, DAN COGGINS, AND DESHANNON BOWLING'S TO PLAINTIFF'S COMPLAINT

COME NOW, Defendants Ryan Green, James Berryman, Johnathan Terry, Dan Coggins, and DeShannon Bowling and answer the Plaintiff's Complaint (Doc. 1) as follows:

1. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

**I.    INTRODUCTION**

2. The averments in this paragraph do not require a response from these

Defendants as they are editorializing and are conclusions of law that are better left to the court rather than the parties. To the extent that these averments seek to impose liability upon these Defendants, they are denied.

3. The averments in this paragraph do not require a response from these Defendants as they are editorializing and are not directed at them. To the extent that these averments seek to impose liability upon these Defendants, they are denied.

4. Denied.

5. Denied.

## II. JURISDICTION AND VENUE

6. The averments contained in this paragraph constitute an issue of law to be properly determined by the Court. Therefore, they are neither admitted nor denied. To the extent the averments contained in this paragraph can be construed as constituting a factual allegation imposing liability on the Defendants, they are denied.

7. Denied. Venue lies within the Northwestern Division of the Northern District of Alabama.

## III. PARTIES

8. Defendants admit that Plaintiff is identified.

9. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

10. Defendants admit that Defendant Green is identified.

11. Defendants admit that Defendant Berryman is identified.

12. Defendants admit that Defendant Terry is identified.

13. Defendants admit that Defendant Coggins is identified.

14. Defendants admit that Defendant Bowling is identified.

**IV. STATEMENT OF FACTS**

15. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

16. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

17. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

18. Denied.

19. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

20. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

21. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

22. Admitted.

23. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

24. Defendants admit that a criminal investigation into Defendant Puryear's conduct, which ultimately resulted in an indictment, was initiated by the Sheriff of Colbert County. All other averments and inferences are denied.

25. Denied.

26. Denied.

27. Defendants admit that Defendant Puryear was reassigned to patrol.

28. Denied

29. Denied.

30. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

31. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

32. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

33. Defendants are without sufficient knowledge to admit or deny the truth

of these averments.

34. Admitted.

35. Admitted.

36. Defendants admit that Plaintiff was in his vehicle. Defendants are without sufficient knowledge to admit or deny the truth of the remaining averments.

37. Admitted.

38. Admitted.

39. Denied.

40. Denied.

41. Defendants admit that Puryear ordered Plaintiff from his vehicle. All other averments are denied.

42. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

43. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

44. Defendants admit that Plaintiff was pulled from the window. Defendants are without sufficient knowledge to admit or deny the truth of the remaining averments.

45. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

46. Denied.

47. Denied.

48. Denied.

49. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

50. Denied.

51. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

52. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

53. Defendants admit that Plaintiff was not arrested.

54. Denied.

55. Denied.

56. Defendants admit that EMS was called to the scene.

57. Defendants admit that the handcuffs placed on Plaintiff were removed. Defendants are without sufficient knowledge to admit or deny the truth of the remaining averments.

58. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

59. Denied.

60. Denied.

61. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

62. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

63. Defendants admit that the medical records state what they state. However, if the averments attempt to impose liability upon these Defendants, they are denied.

64. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

65. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

66. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

67. Defendants admit that Sheriff Ballentine became aware of Puryear's conduct.

68. Admitted.

69. Admitted.

70. Admitted.

71. Admitted.

72. Admitted.

V. **CAUSES OF ACTION**

**FEDERAL CLAIMS**

A. **COUNT I: VIOLATIONS OF U.S. CONST., AMEND. IV, THROUGH 42 U.S.C. § 1983 (USE OF EXCESSIVE FORCE)**

73. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

74. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

75. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

76. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

77. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

78. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

79. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

80. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

81. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

82. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

83. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

84. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

85. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

86. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

87. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

88. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

89. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

## B. COUNT II: VIOLATIONS OF U.S. CONST., AMEND. IV, THROUGH 42 U.S.C. § 1983 (UNLAWFUL SEIZURE)

90. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

91. Admitted.

92. Admitted.

93. Denied.

94. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

95. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

96. Denied.

97. Denied.

98. Admitted.

99. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

100. Denied.

101. Denied.

102. Denied. Defendants further deny that Plaintiff is entitled to any relief sought.

C. **COUNT III: VIOLATIONS OF U.S. CONST., AMEND. IV, THROUGH 42 U.S.C. § 1983 (UNLAWFUL SEARCH)**

103. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

104. The averments in this paragraph are conclusions of law that are better left for the Court to determine rather than the parties.

105. Admitted.

106. Admitted.

107. Denied.

108. Denied.

109. Defendants are without sufficient knowledge to admit or deny the truth of these averments.

110. Denied. Defendants further deny that Plaintiff is entitled to any relief sought.

D. **COUNT IV: VIOLATIONS OF U.S. CONST., AMEND. IV, THROUGH 42 U.S.C. § 1983 (FAILURE TO INTERVENE TO PROTECT CONSTITUTIONAL RIGHTS)**

111. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

112. The averments in this paragraph are conclusions of law that are better

left for the Court to determine rather than the parties.

113. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

114. Admitted.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied. Defendants further deny that Plaintiff is entitled to any relief sought.

E. **COUNT V: VIOLATIONS OF U.S. CONST., AMEND. IV, THROUGH 42 U.S.C. § 1983 (FAILURE TO TRAIN)**

121. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

122. The averments in this paragraph are conclusions of law that are better left for the Court to determine rather than the parties.

123. The averments in this paragraph are conclusions of law that are better left for the Court to determine rather than the parties.

124. Admitted.

125. Admitted.

126. Admitted.

127. Admitted.

128. Admitted.

129. Admitted.

130. Admitted.

131. Admitted.

132. Admitted.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied. Defendants further deny that Plaintiff is entitled to any relief sought.

## STATE CLAIMS

F.    **COUNT VI: ASSAULT AND BATTERY (AGAINST PURYEAR)**

    139.   The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

    140.   The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

    141.   The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

    142.   The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

    143.   The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

    144.   The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

## G. COUNT VII: FALSE IMPRISONMENT (AGAINST PURYEAR)

145. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

146. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

147. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

148. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

149. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

150. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

151. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

152. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

### Request for Relief

Defendants deny that Plaintiff is entitled to any relief sought.

### Jury Demand

Defendants request a trial by jury on all triable issues.

### ENUMERATED AND AFFIRMATIVE DEFENSES

1. Any allegation not specifically admitted is denied, including, but not limited to, any 'allegation' that may be stated in the unnumbered organizational headings in the Complaint. Out of an abundance of caution, Defendants state that they do not concede the accuracy, authenticity, or admissibility of any record referenced in the Amended Complaint.

2. Plaintiff fails to state a cause of action under the Fourth and/or Fourteenth Amendments to the United States Constitution.

3. Plaintiff's constitutional claims cannot be sustained as a matter of law.

4. Defendants assert that they are not liable in any manner to Plaintiff

regarding the allegations contained in the Complaint.

5. In their individual capacities, Defendants are entitled to qualified immunity from Plaintiff's claims under 42 U.S.C. § 1983.

6. Plaintiff has failed to join necessary parties in violation of Fed. R. Civ. Pro. 19.

7. Defendants assert that the imposition of punitive damages is arbitrary and capricious inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature; Plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages is contrary to the due process and equal protection clauses of both the Constitution of the United States and the State of Alabama Constitution; and that imposition of punitive damages, even with Green Oil and Hammonds guidelines, is arbitrary and capricious, leading to "grossly excessive" punitive damage awards inasmuch as a jury is provided neither guidelines and reaching some rational ratio between compensatory and punitive damages, nor some rational relation between the Defendants' alleged conduct and the legitimate interest of the State to punish willful conduct and deter its repetition.

8. The Plaintiff's claims for punitive damages violates the Defendants' rights guaranteed by the Constitution of the United States and the Constitution of the State of Alabama, in that they are penal in nature, yet require a burden of proof by

Plaintiff which is less than beyond a reasonable doubt.

9. Defendants deny that they have been guilty of any conduct which warrants the issue of punitive damages being submitted to the jury or which allows the Plaintiff to recover punitive damages.

10. As to any state law claim or state-tort claims, the Defendants are entitled to absolute immunity or, in the alternative, state-agent immunity.

11. Defendants are entitled to absolute immunity under the 11th Amendment to the United States Constitution as to any official capacity claims.

12. Venue is not proper in this Division.

Respectfully submitted this 4TH day of May 2023.

/s/**J. RANDALL MCNEILL**
J. RANDALL MCNEILL (ASB-4841-E29J)
Attorneys for Defendants Ryan Green, James Berryman, Johnathan Terry, Dan Collins, and DeShannon Bowling
WEBB MCNEILL WALKER PC
One Commerce Street, Suite 700 (36104)
Post Office Box 238
Montgomery, Alabama 36101-0238
(334) 262-1850 – T
(334) 262-1889 – F
rmcneill@wmwfirm.com

# CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of May 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert J. Camp
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

                                      **/s/J. Randall McNeill**
                                      OF COUNSEL